```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
TYRONE CATO, pro se,                          :
                                              :    **MEMORANDUM AND ORDER**
                          Plaintiff,          :    15-CV-5323 (DLI)(LB)
                                              :
        -against-                             :
                                              :
ERIC M. GANSBERG, ESQ.,                       :
                                              :
                          Defendant.          :
                                              :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On September 11, 2015, *pro se* Plaintiff Tyrone Cato ("Plaintiff") commenced the instant action against Defendant Eric M. Gansberg ("Defendant"), the attorney Plaintiff retained to represent him in child custody proceedings. Plaintiff's request to proceed *in forma pauperis* is granted solely for purposes of this Order. For the reasons set forth below, this action is dismissed in its entirety.

## BACKGROUND

Plaintiff alleges that, in or around December 2012, he retained Defendant to assist him in pursuing custody of his child. (*See* Compl. ¶ 9, Dkt. Entry No. 9.) Plaintiff allegedly paid Defendant in several installments, totaling $3,650.00[1] altogether, based on Defendant's assurances that he "knew what he was doing with [Plaintiff's] case." (*See Id.* ¶¶ 11-17.) According to Plaintiff, Defendant provided deficient legal advice and negligent representation that resulted in Plaintiff failing to obtain custody rights. (*See Id.* ¶¶ 18-29.) For example, Defendant allegedly advised Plaintiff to sign his guardianship rights over to his sister, without

---

[1] The specific payments to Defendant that Plaintiff identifies in the Complaint total $3,650.00 (*See* Compl. ¶¶ 11-17.) Elsewhere in the Complaint, Plaintiff alleges that the sum total he paid to Defendant was "around" $4,750.00. (*See Id.* ¶ 28.)

adequately advising him of the consequences of doing so. (*See Id.* ¶¶ 19-23.) Plaintiff, an African-American individual, alleges that Defendant's negligent legal representation was, at least in part, racially motivated. (*See Id.* ¶ 26.) As such, Plaintiff demanded a refund of the legal fees he paid, but Defendant allegedly refused to refund Plaintiff in full. (*See Id.* ¶ 31.)

Based on these assertions, the Complaint alleges that Plaintiff's civil rights were violated, and asserts both civil and criminal liability against Defendant pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 242.[2] (*See Id.* ¶¶ 40-42.) In addition, the Complaint asserts state law claims against Defendant for breach of contract, breach of fiduciary duty, fraudulent inducement, and intentional infliction of emotional distress. (*See Id.* ¶¶ 43-73.) Plaintiff seeks compensatory and punitive damages. On September 25, 2015, Defendant answered the Complaint, denying its allegations. (*See* Dkt. Entry No. 6.)

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action:

---

[2] The Complaint actually alleges civil liability under "28 U.S.C. § 1983," a provision not found in the U.S. Code. (Compl. ¶ 41.) The Court assumes that Plaintiff meant to invoke 42 U.S.C. § 1983.

"(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Furthermore, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**I.** **Civil Rights Claims**

42 U.S.C. § 1983 ("§ 1983") permits a civil recovery for Constitutional violations occurring under color of state law. To state a claim under § 1983, a plaintiff must allege (i) that the challenged conduct was "committed by a person acting under color of state law," and (ii) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk,* 132 S. Ct. 1497, 1501-02 (2012). As the Supreme Court unequivocally has stated, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted).

Here, Plaintiff's § 1983 claim fails as a matter of law because Plaintiff cannot establish

3

that Defendant, a privately retained attorney, was acting under color of state law. An individual qualifies as a state actor within the ambit of § 1983 only when he or she exercises a power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cnty. v. Dodson,* 454 U.S. 312, 317-18 (1981).

However, as relevant here, it is well settled that neither public defenders, nor other counsel appointed by the court, nor private attorneys are state actors for purposes of § 1983 merely by virtue of their position representing clients before the courts. *See Dodson,* 454 U.S. at 325 (holding that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Licari v. Voog,* 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims"); *McCloud v. Jackson,* 4 F. App'x 7, 9-10 (2d Cir. 2001) ("To the extent that [the defense attorney] may have served as privately-retained counsel, rather than as a court-appointed attorney, he still could not be held liable under § 1983 because there was no showing that he worked with state officials to deprive [plaintiff] of federal rights."); *see also Harrison v. New York*, 2015 WL 1413359, at *24 (E.D.N.Y. Mar. 20, 2015) (private attorneys do not act under color of state law and are not state actors).

Having alleged only private conduct, Plaintiff fails to plead any action taken under color of state law that can be redressed through § 1983. Accordingly, Plaintiff's § 1983 claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff's purported claims under 18 U.S.C. §§ 241 and 242 similarly are dismissed for failure to state a claim upon which relief may be granted. Plaintiff cannot avail

4

himself of those federal criminal statutes, as private persons have no authority to institute criminal prosecutions in the United States. *Graham v. Yazdani*, 2014 WL 5506719, at *1 (E.D.N.Y. Oct. 31, 2014) (Plaintiff lacked standing to sue under 18 U.S.C. §§ 241 and 242); *see also Macebuh v. Gardella*, 108 F.3d 329, at *1 (2d Cir. 1997) (affirming *sua sponte* dismissal of *pro se* civil action brought pursuant to 18 U.S.C. §§ 241 and 242) (unpublished).

## II.     State Law Claims

The Complaint also asserts several state law claims sounding in tort and contract. (*See* Compl. ¶¶ 43-73.) As Plaintiff's federal civil rights claims have been dismissed, and federal diversity jurisdiction is lacking because Plaintiff and Defendant both are citizens of New York (*see Id.* ¶¶ 1-2), the only possible basis for this Court's subject matter jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, under that provision, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010). Accordingly, in light of the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See, e.g., Nelson v. Brown*, 2014 WL 4470798, at *5 (E.D.N.Y. Sept. 10, 2014) (declining to exercise supplemental jurisdiction over state law legal malpractice claim where federal claims were dismissed under Rule 12(b)(6)).

While ordinarily the Court would permit Plaintiff an opportunity to amend the Complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity here because it is clear from Plaintiff's submissions that merely reframing the Complaint would not cure the deficiencies compelling dismissal. As such, any attempt to amend

5

the Complaint would be futile. *Cuoco*, 222 F.3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, leave to replead is denied.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted solely for purposes of this Order. For the foregoing reasons, Plaintiff's claims pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 242 are dismissed with prejudice. Plaintiff's remaining state law claims are dismissed without prejudice. Accordingly, this action is dismissed in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 17, 2016

/s/
DORA L. IRIZARRY
United States District Judge